### THE GEORGIA SOUTHERN AND FLORIDA RAILROAD COMPANY *v.* SMALL, trustee.

There being no tender made by the company on the basis of the first verdict or award in the condemnation proceedings, there was no taking by the company for public use on that basis, and it was not error on the trial of an appeal to admit evidence of the value of the property at the time of the appeal trial, and to instruct the jury to assess compensation accordingly.

July 8, 1891.   By two Justices.   Argued at the last term.

Eminent domain.   Tender.   Railroads.   Evidence.
Before Judge MILLER.   Bibb superior court.   April
term,  1890.

Reported in the decision.

GUSTIN, GUERRY & HALL, and DESSAU & BARTLETT, for
plaintiff in error.

R. W. PATTERSON and ROBERT HODGES, *contra.*

SIMMONS, Justice.

This bill of exceptions recites that during the April
term of the superior court of Bibb county, there came
on to be heard a certain cause wherein A. B. Small,
trustee, was complainant, and the Georgia Southern
and Florida Railroad Company was defendant, the same
being an action to enjoin the said railroad from the
further prosecution of condemnation proceedings to
condemn certain lands in the city of Macon belonging
to said complainant, which condemnation proceedings
had been instituted under the charter of said railroad
company; and also the case of the Georgia Southern
and Florida Railroad Company *v.* A. B. Small, trustee,
said last mentioned case being a statutory proceeding to
condemn the property of said Small, trustee, for the use
of said railroad company, and then and there pending
upon appeal from the verdict of the jury in said con-
demnation proceedings; both of which cases were by
the order of the court consolidated and tried together,
and both parties having announced ready in both cases,
a jury was empanelled to try the same.   The bill of ex-
ceptions then goes on to recite that pending the trial
the court allowed certain witnesses to testify as to the
value of the property at the time of the trial.   This was
objected to upon the ground that the testimony sought
to be elicited was illegal, for the reason that the value
of the property to be submitted to the jury was the value
at the time of the condemnation proceedings in July of

the preceding year and not its value at the time of the pending trial (May, 1890); which objection was overruled by the court, and the witnesses allowed to answer the questions. The company excepted and assigned error thereon.

The judge charged the jury as follows: " The sole issue for the jury, on this branch of the case, is to determine the present value of the property located as it is in the city of Macon at the present time, and for that purpose may be used all the testimony that throws any light upon that question of the present value of the property." To this charge the company also excepted and assigned the same as error.

The constitution of this State declares (Code, §5024), that "private property shall not be taken or damaged for public purposes without just and adequate compensation being first paid." It appears from the above recital of facts set out in the bill of exceptions, that the railroad company had, under its charter, in July, 1888, instituted condemnation proceedings for the purpose of taking this land from Small for its use. A jury had been summoned by the sheriff in accordance with the provisions of the charter, and they had assessed the value of the land. Small, being dissatisfied with the verdict, appealed to the superior court, and at the same time filed a bill seeking to enjoin the railroad company from condemning the land. The only question made by this record is, whether on the trial of the appeal in the superior court, the value to be assessed by the jury should be the value of the land at the time of the condemnation proceedings in July, 1888, or its value at the time of the trial of the appeal, May, 1890. This question depends upon what time the taking is complete so as to authorize the railroad company to take possession of the land. Under the clause of the constitution above quoted, the land-owner must first be paid, before the

railroad company is entitled to take his property and go into possession of it. If both parties are satisfied with the award of the jury summoned to assess the value of the property, the railroad company must pay the amount assessed before it can take possession. If the owner is dissatisfied and appeals to the superior court, and the railroad desires immediate possession, it must tender the amount assessed by the jury before it can go into possession. In the case of *Oliver* v. *Railroad Co.*, 83 *Ga.* 257, this court held that tender of the sum assessed and awarded, duly made and continued, but refused, is the equivalent of actual payment of the award, in its effects on the right of the corporation to enter upon the land and prosecute the work of construction. If this company had tendered to Small the amount assessed by the jury in the condemnation proceeding, it might have had the right at that time to take possession of the property, and a tender properly made and continued would have been equivalent to an actual payment. It is not necessary, however, to decide definitely this particular question. We have carefully scrutinized this record, and there is no indication or intimation therein that any tender of the amount assessed was made by the company to Small. There was consequently no taking by the company for public use, and it was no error on the trial of the appeal to admit evidence of the value or the property at the time of the trial; nor was there any error in the charge of the court above recited. If a tender had been made and continued, then the value of the property at the time it was assessed in the condemnation proceeding might have been the proper basis for estimating its value at the appeal trial, but inasmuch as the record does not show that tender was made, there was no taking and no right of possession, and the value at the time of that trial was the proper basis.

*Judgment affirmed.*