18565, 18578. RUMPH *v.* RISTER *et al.;* and *vice versa.*

DUCKWORTH, Chief Justice. 1. While the contract for the sale of land provides for deferred payments of monthly notes of $60 each with interest at 5% until paid on a portion of the purchase money, and this did not authorize the demand of the buyer that he be allowed to pay $60 monthly with interest payments of merely $3—yet, where such contract contains no clause providing for the giving of a security deed by the purchaser to secure the unpaid balance, nor did it authorize any provision in the notes to accelerate their payment upon the default in the payment of one, the suit by the seller seeking rescission of the contract because of an alleged breach by the purchaser, in that he refused to sign a security deed and note for the balance of the purchase money containing a clause providing for the maturity of all deferred payments if default in the payment of any instalment is made, shows on its face that the petitioner has no cause of action, and the court erred in overruling the general demurrer thereto: *Doyal* v. *Russell*, 183 *Ga.* 518 (2), 533 (189 S. E. 32).

2. But no error is found in the sustaining of the special demurrers to certain paragraphs of the petition, which is excepted to in the cross-bill of exceptions, the allegations therein being either immaterial, irrelevant, conclusions of the pleader, or lacking in specific information which the defendant had a right to know in order to prepare his defense.

*Judgment reversed on the main bill of exceptions, and affirmed on the cross-bill. All the Justices concur, except Head, J., who dissents from the judgment on the main bill.*

ARGUED APRIL 14, 1954—DECIDED MAY 12, 1954—

REHEARING DENIED MAY 31, 1954.

*Walter E. Baker, Jr.,* for plaintiff in error.
*William J. Wilkerson,* contra.