37781. HENDRIX *v.* STATE HIGHWAY DEPARTMENT.

NICHOLS, Judge. 1. Tender to the condemnee of the assessors' award of compensation for the property sought to be condemned, or payment of it into the registry of the court on his refusal to accept it, was a condition precedent to the condemnor's right to file and prosecute an appeal to a jury in the superior court. *Woodside* v. *City of Atlanta,* 214 *Ga.* 75 (103 S. E. 2d 108); *State Highway Dept.* v. *Wilson,* 98 *Ga. App.* 619 (106 S. E. 2d 544).

2. Where, as under the uncontradicted evidence in the present case, the condemnor attempted to file an appeal from the assessors' award to a jury in Chattooga Superior Court, without first tendering the amount of the assessors' award to the condemnee, the trial court erred in failing to dismiss the condemnor's appeal on motion of the condemnee, and such judgment must be reversed.

*Judgment reversed. Gardner, P.J., Townsend, Carlisle and Quillian, JJ., concur. Felton, C.J., dissents.*

DECIDED SEPTEMBER 24, 1959—REHEARING DENIED
OCTOBER 16, 1959.

*Robert Edward Surles,* for plaintiff in error.

*Eugene Cook, Attorney-General, Paul Miller, E. J. Summerour, Assistant Attorneys-General, F. H. Boney,* contra.

FELTON, Chief Judge, dissenting. The assessors' award in this condemnation proceeding was dated September 16, 1957. The State Highway Department, which under Code § 36-601 had 10 days to appeal from the award did in fact appeal on September 18, 1957, and the county warrant for the amount of the award was drawn and delivered to the clerk of court on the same day. On September 30, 1957, the condemnee moved the court for an order directing the clerk to pay him the amount of award "paid unto said clerk of aforesaid condemnor upon the filing of an appeal entered by said condemnor to the award." The clerk, who had cashed the warrant on September 23, by order of the court paid the sum over and the condemnee received it. Thereafter, on March 19, 1959, the condemnee moved to dismiss the appeal on the grounds (1) that condemnor did not tender the

sum directly to condemnee before the appeal, and (2) did not pay the sum into the registry of the court before the appeal.

1. The *Woodside* case had for decision only the construction of the "first paid" provision of the Constitution, and its holding went no further than a decision that when the condemnor neither paid the sum to the condemnee nor tendered it into court the condition precedent to the appeal had not been complied with. The following is all of the language in the decision dealing with manner of payment: "The condemnor declined to tender the amount of the award to the owners or to pay it into the registry of the court for their benefit, but filed an appeal to a jury  .  .  . At that time it should have tendered to the condemnees the assessed value of the property, or paid it into the registry of the court on their refusal to accept it, and  .  .  .  we hold that such tender or such payment was a condition precedent to its right of appeal to a jury; it could not at that time refuse to pay the amount awarded for the property and at the same time insist upon its right to take it."  In the special concurrence of Judge Head we find the language: "Thereafter the city, without tendering the amount of the award to the condemnees, or paying it into the registry of the court, filed its appeal to a jury" and a quotation from the motion to dismiss that the award "either be first tendered and paid to said condemnee, or the amount of said award paid into the registry of this court."  It is stated that there is no authority for holding "that an appeal will lie from the award of the assessors without tendering the amount of the award to the condemnee or paying it into the registry of the court."  The concurrence further points out as a distinguishing point that in *Olliff* v. *Housing Authority of City of Statesboro,* 89 *Ga. App.* 43 (78 S. E. 2d 549), "the funds were paid into the registry of the court before the appeal was entered, and the sole contention in that case was that there had to be a tender to the condemnee."  The special concurrence, accordingly, recognized the validity of the *Olliff* decision and the appeal therein for the reason that the funds were paid into the registry of the court, although not first tendered to the condemnee.  *Woodside*, in the majority opinion, does not hold that this procedure is void and does not attempt to pass on the question.  In view of Code

§ 36-1111 providing that "it shall be within the power of the court upon payment of the award or verdict into the registry of the court, to adjudge a condemnation of the title in fee simple, and to give such direction as to the disposition of the fund as shall be proper, according to the rights of the several respond-dents" a payment into court in the first instance is right and proper. In view of the fact that there might be several claimants with conflicting interests, it is obviously the only way, under certain circumstances, that the rights of all parties could be protected. Accordingly it is no ground for dismissing the appeal that the fund was paid into court for the condemnee's benefit instead of being first offered directly to the condemnee.

2. It is contended further that the fund was not paid into court at the time the appeal was filed but was only tendered into court on that day, and was not paid until the clerk of the court got around to cashing the county warrant deposited with him, which was a few days later. This contention is without merit for the reason that a valid tender is the equivalent of payment. Code § 20-1105. Counties are required to pay their debts by warrant, and the obligation to pay here, as between the county and the State Highway Department, was the county's in the first instance. Chattooga County is by Constitutional provision (Ga. L. 1941, p. 35, 36) required to operate on a cash basis and to issue no warrants without first setting aside the fund for payment thereof. If the fact that a deposit of the warrant rather than cash could operate to invalidate the tender on a proper motion, no such motion was made, but on the contrary the condemnee, in its motion to take down the tender, stated that the amount had been paid into court by the condemnor. Even if the warrant be treated as a check, the rule is that such paper is not payment until itself paid unless treated as payment by the parties, in which event it does constitute payment. *Nash Motors Co.* v. *Harrison Co.*, 52 *Ga. App.* 333 (183 S. E. 202); *Farmers & Merchants Bank of Charing* v. *Rogers*, 55 *Ga. App.* 38 (1) (189 S. E. 274). "The payment of money into court as an unconditional tender passes the title to the money so paid irrevocably to the party to whom it is tendered." 52 Am. Jur., Tender, § 45. The rule, as well as an equitable exception there-

to, was recognized by this court in *Rumph* v. *Rister,* 92 *Ga. App.* 29 (3) (87 S. E. 2d 447). The warrant in this case was treated as payment; it transferred title to the fund to the condemnee upon its deposit in court, and the condemnee accordingly received the equivalent of payment at the time the appeal was filed. It only remained for him to request and obtain an order of the court to pay over the fund, an adjudication which would frequently be necessary if there were other adverse claimants involved. Accordingly, in my opinion the trial court did not err in denying the motion to dismiss the appeal. As was stated in *State Highway Dept.* v. *Wilson,* 98 *Ga. App.* 619 (106 S. E. 544), the *Woodside* case was a case of first impression. Examination of the cases cited and distinguished in these two cases, including *Hurt* v. *City of Atlanta,* 100 *Ga.* 244 (28 S. E. 65), and *Georgia So. & Fla. R. Co.* v. *Small,* 87 *Ga.* 335 (13 S. E. 515), indicate that prior thereto the taking had frequently been regarded as actual physical appropriation, both in practice and as assumed in earlier legislation. The act of 1894 (Ga. L. 1894, p. 98 et seq.; Code Chapter 36-6) deals with the manner of prosecuting appeals from the award of assessors, and Code § 36-602 states: "The entering of said appeal and the proceedings thereon shall not hinder or delay in any way the corporation's or person's work or the progress thereof, if the applicant to condemn shall pay or tender to the owner the amount of the award, and, in case of the refusal of the owner to accept the same, deposit the amount awarded with the clerk of the superior court for the benefit of the owner." Assuming that this Code section makes tender to the owner prior to payment into court a condition precedent to physical appropriation, the Code section does not deal with the validity of an appeal, but only with the effect of the appeal on the right of physical appropriation. It is accordingly not germane on a question of dismissing the appeal in toto, which is the issue here.

Furthermore, it would seem that the General Assembly understands the law as I have construed it. It is strongly indicated by the act of 1957 which provides for an alternative method of procedure in condemnation cases. No more proof of this is necessary than to quote from said act (pp. 387, 396), as set

forth in Code (Ann.) § 36-616a: "Paying out money placed in registry of court; conflicting claims.—When the condemning body has paid into the registry of the court, for the use and benefit of and subject to the demands of the condemnees, the amount of money provided for in the order of the special master, the effect of such payment into the registry of the court shall be the same as if paid to the condemnees directly, and provided that the clerk shall pay out such money to such condemnees, or their personal representatives, upon proper proof submitted to him as to the quantity of such interest and, where there are conflicting claims, he may require such conflicting parties to establish their claims before the court as is provided by law in other similar matters."

3. I also dissent for another reason. Conceding for the sake of argument that the tender of payment of the amount fixed by the assessors' award must be made first to the condemnee and that a tender into the registry of the court in the first instance did not satisfy the requirements of law as the prerequisite to an appeal by the condemnor, under the facts of this case the condemnee acquiesced in the payment of the amount of the award into the registry of the court by actions which amounted to a concession in open court that a valid appeal had been filed. After the amount of the award had been placed in the registry of the court, the condemnee filed a written petition to the judge of the Superior Court of Chattooga County as follows: "Now comes W. G. Hendrix, owner of the property being condemned by condemnor in aforesaid case, and respectfully requests that this honorable court issue an order directed to the clerk of this court authorizing and directing him to pay unto your petitioner the amount of the award made by the assessors in aforesaid case paid unto said clerk of aforesaid condemnor upon the filing of an appeal entered by said condemnor to the award made by said assessors in aforesaid case." Upon said application the trial judge entered the following order: "The foregoing application read and considered. It is hereby ordered adjudged and decreed that pursuant to the authority contained in Section 36-602, Code of Georgia, the clerk of this court be and hereby is authorized and directed to pay unto the said W. G. Hendrix the amount of

the award made by the assessors in aforesaid case, which amount was paid unto said clerk upon the filing of an appeal from aforesaid award to the assessors by the condemnor. This 30th day of September, 1957." As a result of this petition and this order the condemnee was paid the sums placed in the registry of the court for the benefit of the parties to the case subject to the direction of the judge. Since the only theory upon which he was entitled to receive such moneys, so deposited, was that a legal and valid appeal was pending, the condemnee, having asserted such a position, cannot later assume a different position and contend that there was no valid appeal. I recognize the fact that if there was valid appeal the State Highway Department of Georgia owed to the condemnee the amount of the award in any event and that the Highway Department was probably not injured by the taking down of the money by the condemnee if the appeal was invalid. The point is that the condemnee had no right to the particular fund in the registry of the court unless the appeal was valid and binding. Having taken the position that the appeal was valid and having received the benefit of the court's order in the premises the condemnee cannot at a subsequent date change his position and contend that the appeal is invalid.