37816.   STATE HIGHWAY DEPARTMENT v.
FARMERS GIN COMPANY.

DECIDED JUNE 9, 1960—REHEARING DENIED JULY 5, 1960.

*Eugene Cook, Attorney-General, Paul Miller, Assistant Attorney-General, Warren C. Fortson,* for plaintiff in error.

*Dallum R. Jackson,* contra.

*George T. Bagby, William Hall,* amici curiae.

NICHOLS, Judge. In response to a certified question, propounded by this court, the Supreme Court on May 5, 1960, instructed this court that tender to the condemnee of the amount of the assessor's award is not a condition precedent to the condemnor's right to pay the amount of the award into the registry of the court and enter an appeal to the jury. See *State Highway Dept. v. Farmers Gin Co.,* 216 Ga. 70 (114 S. E. 2d 537). If such certified quiestion had been answered in the affirmative instead of the negative it would have disposed of the case. However, since it was not so answered another question is presented to this court, to wit: Does the delivery of a check to the clerk of the superior court constitute payment into the registry of the court so as to authorize an appeal from the award of the assessors (or special master), in a condemnation case where there are insufficient funds on deposit to cover such check during the entire 10-day period when an appeal could be entered by the condemnor?

Under the decision of the Supreme Court in *Woodside v. City of Atlanta,* 214 Ga. 75 (103 S. E. 2d 108), the amount of the assessor's award must be paid into the registry of the court, if such amount is not paid to the condemnee, within 10 days in order for the condemnor to appeal to a jury in the superior court. The condemnor in the present case delivered a check, within the statutory time, to the clerk of the superior court who in turn delivered such check to the condemnee. The condemnee presented such check to the bank on which it was drawn, for payment and, because insufficient funds were on deposit, payment was refused. The condemnee continued to present such check for payment and after the period allowed for appeal the check was paid by the bank. The uncontradicted evidence disclosed that at no time during the 10-day period when an appeal could be entered were sufficient funds on deposit at the bank on which the check was drawn to pay such check, and that it was 12 days after the appeal was filed before sufficient funds were on deposit to cover such check.

*Code* § 20-1004 provides in part: "Bank checks and promissory notes are not payment until themselves paid." Of course where there is an agreement that the check will be received *as payment* an exception to the above rule exists. See *Holland v. Mutual Fertilizer Co.*, 8 Ga. App. 714 (2) (70 S. E. 151). No such agreement appears in the present case. While generally where a check is given for a debt and the check is paid *on presentment* to the bank on which it is drawn, payment may be deemed to have been made at the time the check was delivered to the creditor (see 70 C. J. S. 234, 235, Payment, § 24), yet where the check is not paid *on presentment* there is no payment, and the creditor may sue on the debt or on the check. 70 C. J. S. 235, supra.

The check delivered to the court in the present case was indorsed and delivered to the condemnee and by the condemnee to the bank on which it was drawn where it was dishonored until after the time for appeal had expired. The clerk of the superior court could not agree to accept the check as payment (*Collins v. Burkhalter*, 144 Ga. 695 (3), 87 S. E. 888), and since the condemnee was entitled to payment regardless of whether the condemnor appealed, dismissed the appeal, or attempted to dismiss the condemnation proceeding after the award of the special master was filed (*Towler v. State Highway Dept.*, 100 Ga. App. 374, 111 S. E. 2d 154), it did not adversely affect its motion to dismiss the appeal by retaining the check and having it paid when sufficient funds were on deposit after the time for the condemnor's appeal had expired. Here, as in the case of *Woodside v. City of Atlanta*, 214 Ga. 75, supra, the condemnor failed to pay the amount of the award into the registry of the court within the time permitted by law and the judgment of the superior court dismissing such appeal was not error.

*Judgment affirmed. Bell, J., concurs. Felton, C. J., concurs specially.*

FELTON, Chief Judge, concurring specially. In the case of *State Highway Dept. v. Taylor*, and *State Highway Dept. v. Yeager*, 216 Ga. 90, the Supreme Court held without discussion as follows: "Where the amount of the assessors' award is paid into the registry of the court, and thereafter paid to the con-

demnee, the condemnee is not precluded, by receiving the money, from attacking the validity of the appeal or moving that it be dismissed." In this case I feel that I am bound by this ruling as I think it covers the situation in this case, as well as those of the cases in which the Supreme Court answered questions certified by this court. If it were not for the foregoing decisions by the Supreme Court I would dissent in this case on the same ground on which I dissented in the case of *Hendrix v. State Highway Dept.*, 100 Ga. App. 417 (111 S. E. 2d 635) in division 3 of said dissent beginning on page 421.