In the Matter of Mike ELLISON d/b/a Ellison Builders a/k/a Mike Ellison Construction and Judy Ellison, Debtors.

Ernest V. HARRIS, Trustee, Plaintiff,

v.

HARBIN LUMBER COMPANY OF ROYSTON, INC., Defendant.

Bankruptcy No. 81–30184–ATH.
Adv. No. 82–3093.

United States Bankruptcy Court,
M.D. Georgia,
Athens Division.

July 20, 1983.

Ernest V. Harris, Nicholson, De Pascale, Harris & McArthur, Athens, Ga., trustee.

Jerry N. Neal, Royston, Ga., for defendant.

ROBERT F. HERSHNER, Jr., Bankruptcy Judge.

STATEMENT OF THE CASE

On November 23, 1981, Debtors Mike Ellison, d/b/a Ellison Builders a/k/a Mike Ellison Construction, and Judy Ellison filed their petition with this Court under chapter 7 of title 11 of the United States Code. On July 13, 1982, the trustee in Debtors' Chapter 7 case instituted this adversary proceeding to recover alleged preferential transfers made by Debtor Mike Ellison to Defendant Harbin Lumber Company of Royston, Inc.

After reviewing the evidence and considering the arguments and briefs of coun-

sel, the Court is of the opinion that the relief sought by the trustee must be granted. In support of its opinion, the Court publishes the following findings of fact and conclusions of law.

## FINDINGS OF FACT

On August 24, 1981, Mike Ellison (hereinafter Debtor) gave Harbin Lumber Company of Royston, Inc. (hereinafter Harbin) a check in the amount of $7,700.95 drawn on his account at the Tri-County Bank of Royston. The check was to pay Harbin for materials furnished to Debtor more than forty-five days prior to August 24, 1981. Harbin caused the check to be deposited in its account at the American Bank. The check, upon presentment, was not honored by the Tri-County Bank due to insufficient funds and was returned to the American Bank. The check was then resubmitted by American Bank through banking channels and subsequently honored by the Tri-County Bank on September 15, 1981. Debtor testified that at the time he gave the check to Harbin, he informed one of Harbin's employees that he did not have sufficient funds in the Tri-County Bank to cover the check and that Harbin should hold the check for several days before depositing it. Whether the $7,700.95 transfer occurred within the ninety-day preference period is the only issue in this adversary proceeding, the other issues having been settled by the parties. Debtor filed his bankruptcy case on November 23, 1981.

## CONCLUSIONS OF LAW

Section 547(b) of the Bankruptcy Code provides that:

(b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of property of the debtor—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition; or

(B) between 90 days and one year before the date of the filing of the petition, if such creditor, at the time of such transfer—

(i) was an insider; and

(ii) had reasonable cause to believe the debtor was insolvent at the time of such transfer; and

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C.A. § 547(b) (West 1979). The parties stipulate that all the elements of section 547(b), other than subsection (4), are satisfied.

The issue before the Court is whether the $7,700.95 check constituted a transfer of property of Debtor *on or within ninety days* before the date of the filing of Debtor's bankruptcy case. The parties stipulate that the ninetieth day before Debtor's bankruptcy is August 25, 1981. Thus, if the check constitutes a transfer on or after August 25, 1981, it is within the ninety-day period and may be avoided by the trustee.

Harbin urges that the controlling date should be the date of the check, August 24, 1981. Harbin asserts that the $7,700.95 was credited routinely to Debtor's account on that date and that Harbin considered itself as having been paid on that date. Harbin stresses the continuity of the transaction and argues that the transfer should be viewed as a contemporaneous exchange on August 24, 1981, a date outside the preference period. Harbin also points to the fact that under Georgia law, presentment of a check within thirty days of its date of issue is considered a reasonable time for presentment. Official Code of Ga.Ann. § 11-3-503(2)(a) (Michie 1982). Finally, Harbin argues that under normal commercial prac-

tice, a check is presented a second time when it does not initially clear the drawee bank.

The Court is not persuaded by the arguments made by Harbin. In *In re Duffy*, 3 B.R. 263, 6 Bankr.Ct.Dec. 88, 1 Collier Bankr.Cas.2d 641 (Bankr.S.D.N.Y.1980), the debtor issued a check to a creditor more than ninety days prior to the filing of his bankruptcy case. The check, however, was honored within ninety days of the filing of debtor's bankruptcy. The bankruptcy trustee sought to recover the amount of the check as a preferential transfer, arguing that the transfer of funds took place on the date the check was honored. In finding that the transfer took place on the date the check was honored, the court noted:

> It is clear that payment of the debt did not occur when the debtor delivered the postdated check to Avis. A check itself does not vest in the payee any title to or interest in the funds held by the drawee bank. *See* U.C.C. § 3–409. The check is simply an order to the drawee bank to pay the sum stated and does not constitute a transfer and delivery of the fund until it is paid. The date of payment, and not the date of delivery is crucial in determining when the preferential transfer occurred.

*Id.* at 265, 6 Bankr.Ct.Dec. at 89, 1 Collier Bankr.Cas.2d at 643.

The overwhelming majority of courts have followed *Duffy* in holding that, for purposes of section 547(b)(4), it is the date that the drawee bank honors a check that determines whether a transfer has been made within the preference period. *See, e.g., Artesani v. Travco Plastics Co., Inc. (In re Super Market Distributors Corp.),* 25 B.R. 63, 9 Bankr.Ct.Dec. 1155 (Bkrtcy.D. Mass.1982); *Campbell v. Kimberly Clark Corp. (In re Skinner Lumber Co.),* 27 B.R. 669 (Bkrtcy.D.S.C.1982); *Carmack v. Zell (In re Mindy's, Inc.),* 17 B.R. 177, 5 Collier Bankr.Cas.2d 1451 (Bkrtcy.S.D.Ohio 1982); *Grogan v. Chesebrough-Ponds, Inc. (In re Advance Glove Manufacturing Co.),* 25 B.R. 521, 9 Bankr.Ct.Dec. 1395 (Bkrtcy.E.D.Mich. 1982); *Rovzar v. Biddeford & Saco Bus Garage, Inc. (In re Saco Local Development Corp.),* 25 B.R. 876 (Bkrtcy.D.Me.1982).

Under Georgia law, a check is not an assignment of any funds held by the drawee bank, but is merely an order upon the drawee bank to pay the holder from the drawer's account. Official Code of Ga.Ann. § 11–3–409(1) (Michie 1982); *Lambeth v. Lewis,* 114 Ga.App. 191, 150 S.E.2d 462 (1966). Therefore, the Court finds that the principles of *Duffy* and the applicable Georgia law require that the transfer in this adversary proceeding be deemed to have occurred on September 15, 1981, the date Debtor's check was honored by the Tri-County Bank. Thus, the transfer occurred within the ninety-day period prior to Debtor's bankruptcy case, and it may be avoided by the trustee under section 547 of the Bankruptcy Code.

The dishonor of Debtor's check by the drawee bank gives added weight to the Court's conclusion. The Georgia Code provides that, "Subject to the provisions of this title on the effect of an instrument on an obligation, payment by check is conditional and is defeated as between the parties by dishonor of the check on due presentment." Official Code of Ga.Ann. § 11–2–511(3) (Michie 1982).

There is one Georgia case especially on point even though it is not a bankruptcy case. In *State Highway Department v. Farmers Gin Co.,* 102 Ga.App. 35, 115 S.E.2d 760 (1960), the State Highway Department instituted condemnation proceedings against Farmers Gin Company. A special master made an award to Farmers Gin Company and the State Highway Department had to pay the amount of the special master's award into the registry of the court within ten days in order to appeal the award to a jury. A check was delivered to the clerk of court within ten days, and the clerk subsequently gave the check to Farmers Gin Company. When the check was presented to the bank by Farmers Gin Company, it was dishonored due to insufficient funds. Farmers Gin Company continued to present the check for payment, and subsequent to the ten-day period, the check was

paid by the bank. The Court of Appeals of Georgia ruled that the requirement of making the payment within ten days had not been met, and the appeal was dismissed. The court stated that generally when a check is given for a debt and the check is paid on presentment, payment may be deemed to have been made at the time the check was delivered to the creditor. The Court noted, however, that when the check is not paid on presentment, there is no payment, and the creditor may sue on the debt or on the check. 102 Ga.App. at 37, 115 S.E.2d at 761.

The facts in *State Highway Department v. Farmers Gin Co.* are similar to those in this adversary proceeding. In each case, the date of the transfer was crucial in determining the rights of the parties. In each case, the check was first dishonored and subsequently honored. Based on *State Highway Department v. Farmers Gin Co.* and on applicable bankruptcy law, the Court finds that the transfer by Debtor to Harbin of $7,700.95 took place on September 15, 1981, a date within the ninety-day preference period. Therefore, the transfer constitutes an avoidable preference, and it may be recovered by the trustee.