**In re BOWEN INDUSTRIES, INC., Debtor.**

**Bankruptcy No. 11–3–84–00309.**

United States Bankruptcy Court, W.D. Texas, El Paso Division.

Nov. 13, 1984.

**4**

Stephen A. McCartin, of Gardere & Wynne, Dallas, Tex., for Harrill Elec., Inc.

Margaret Christian of Kemp, Smith, Duncan & Hammond, El Paso, Tex., for Bowen Industries, Inc.

## MEMORANDUM OPINION

BERT W. THOMPSON, Chief Judge.

On October 1, 1984, came on for consideration in the above styled and numbered cause, the Application of Harrill Electrical, Inc. to Modify Automatic Stay and the Complaint of Bowen Industries, the Debtor, to Compel Turnover of Money. The Court, having heard the arguments of the parties and having considered the briefs in support of the parties' respective positions, hereby renders the following Memorandum Opinion in support of its finding that the issuance of a stop payment order on a check issued to and held by a Chapter 11 Debtor does not constitute a violation of the automatic stay provisions of Section 362 of the Bankruptcy Code.

In that connection, all Findings of Fact, made herein, may be considered Conclusions of Law, if appropriate. All Conclusions of Law, made herein, may be considered Findings of Fact, if appropriate. All Findings of Fact and Conclusions of Law not specifically made herein are deemed made in support of this Memorandum Opinion.

The facts relevant, as revealed by the briefs, can be summarized as follows:

On February 27, 1984, Bowen Industries, Inc. (hereinafter the "Debtor") entered into a Subcontract Agreement with Harrill Electrical, Inc. (hereinafter "Harrill") requiring Debtor, as subcontractor, to furnish all materials and labor required for the installation of five (5) chillers for the United States Department of Energy at the Bendix Building Project in Kansas City, Missouri.

On June 26, 1984, Harrill issued a check payable to the Debtor in the amount of $86,316.14. On June 29, 1984, with approximately eighty percent (80%) of the Energy Department project completed, Bowen filed its voluntary petition under Chapter 11, Title 11 of the United States Code. Sometime after the filing of the bankruptcy petition on June 29, 1984, Harrill instructed its bank, First State-Balch Springs, in Balch Springs, Texas, to stop payment on the $86,316.14 check to the Debtor.

On July 9, 1984, Debtor filed its Motion for Approval of Rejection of Executory Contract with Harrill, requesting this Court's authorization to reject the Subcontract Agreement.

On July 23, 1984, Harrill filed its Application to Modify Automatic Stay with this Court requesting this Court to modify the automatic stay provision of 11 U.S.C. § 362(a)(7) allowing Harrill to exercise its right of setoff of the mutual pre-petition indebtedness of the Debtor and Harrill.

The primary issue for consideration before this Court is whether the issuance of a stop payment order on a check issued to and held by a Chapter 11 Debtor constitutes a violation of the automatic stay provisions of Section 362 of the Bankruptcy Code.

In determining whether the actions of Harrill Electrical, Inc. in stopping payment on the check issued to Bowen Industries constitute an act to obtain possession of property of the estate this court must first determine whether the issuance of the check to Bowen was tantamount to the transfer of property to the bankruptcy estate. Section 101(41) of the Bankruptcy Code defines transfer as "every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or with an interest in

property, including retention of title as a security interest."

Section 3.409 of the Texas Business and Commerce Code states "a check ... does not of itself operate as an assignment of any funds in the hands of the drawer available for its payment, and the drawer is not liable on the instrument until he accepts it." The issue of whether a "transfer" occurs upon presentment or upon the honoring of a check was considered in *In re Duffy*, 3 B.R. 263 (Bkrtcy.S.D.N.Y.1980). In keeping with the dictates of the Uniform Commercial Code, the court, in finding that a transfer takes place on the date the check is honored stated:

> A check itself does not vest in the payee any title to or interest in the funds held by the drawee bank. *See,* U.C.C. § 3–409. The check is simply an order to the drawer bank to pay the sum stated and does not constitute a transfer and delivery of funds until paid.

*Id.* at 265.

The majority of the courts which have considered whether a transfer is made upon presentment or upon honor have followed *Duffy. See, e.g. Harris v. Harbin Lumber Company of Royston (In re Ellison)* 31 B.R. 545 (Bkrtcy.M.D. Georgia 1983); *Artesani v. Tranco Plastics Co. Inc. (In re Super Market Distributors Corp.),* 25 B.R. 63 (Bkrtcy.D.Mass.1982); *Campbell v. Kimberly Clark Corp. (In re Skinner Lumber Co.),* 27 B.R. 669 (Bkrtcy. D.S.C.1982); *Carmack v. Zell (In re Mindy's, Inc.)* 17 B.R. 177 (Bkrtcy.S.D.Ohio 1982); *Grogan v. Chesebrough-Ponds, Inc. (In re Advance Glove Manufacturing Co.),* 25 B.R. 521 (Bkrtcy.E.D.Mich.1982); *Rovzar v. Biddeford & Saco Bus Garage, Inc. (In re Saco Local Development Corp.)* 25 B.R. 876 (Bkrtcy.D.Me.1982).

A stop payment order constitutes a revocation of a previous order to pay. Until a check is honored by the drawer bank there can be no transfer of property to the bankruptcy estate. Therefore, cessation of payment on an instrument which has not become property of the bankruptcy estate does not violate the automatic stay provisions of Section 362.

In the case at bar, the Debtor, on the date of the filing of the petition, held a check which had been issued by Harrill but which had not been presented to and paid by Harrill's bank. The Debtor merely held an instrument which represented the potential satisfaction of an underlying debt. The funds represented by the check would not become property of the estate until that check was honored by the drawer bank. The satisfaction of the debt owed by Harrill to Bowen was stayed indefinitely by the issuance of a stop payment order by Harrill. Since the funds owed by Harrill did not become property of the estate prior to the issuance of the stop payment order, the issuance of that order did not violate the automatic stay provisions of Section 362.

Therefore, an order shall be entered declaring that the issuance of a stop payment order by Harrill Electrical, Inc. on the check issued to Bowen Industries, Inc., a Chapter 11 debtor, does not violate the automatic stay provisions of Section 362.