In re HARTWIG POULTRY, INC., Debtor.

HARTWIG POULTRY, INC., Plaintiff,

v.

CW SERVICES, et al., Defendants.

Bankruptcy No. 84–0256.
Related Case: 82–02227.

United States Bankruptcy Court,
N.D. Ohio, W.D.

Dec. 10, 1985.

John J. Hunter, Toledo, Ohio, for plaintiff.

John T. Ducker, Dayton, Ohio, for defendants.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon the Motion for Summary Judgment filed by the Defendant, Lyons Electrical Supply Co., (hereinafter Lyons Electric) in the above entitled Adversary case. Both Lyons Electric and the Plaintiff have filed their arguments respecting this Motion and have had the opportunity to respond to the arguments made by opposing counsel. The Court has reviewed those arguments as well as the entire record in this case. Based upon that review and for the following reasons the Court finds that the Motion for Summary Judgment should be GRANTED, and that Judgment should be entered for the Plaintiff.

## FACTS

The Debtor-In-Possession filed its voluntary Chapter 11 Petition with this Court on October 19, 1982. In a effort to collect assets for the estate, the Debtor-In-Possession filed this action against numerous defendants, including Lyons Electric. The Complaint alleges a cause of action for the recovery of a preference pursuant to the provisions of 11 U.S.C. Section 547. Subsequent to the filing of the Complaint the Debtor-In-Possession submitted to Lyons Electric a Request For Admissions and a set of Interrogatories. Lyons Electric filed timely responses to those requests. In its responses, Lyons Electric admitted the truth of certain facts surrounding the alleged transfer. Those facts reflect that on or about August 20, 1982, the Debtor-In-Possession wrote a check in the amount of Nine Hundred Ninety and 52/100 Dollars ($990.52) and made the check payable to Lyons Electric. That check was sent to Lyons Electric in payment of a bill which had been submitted to the Debtor-In-Possession for charges made to the Debtor-In-Possession during the period between April 1, 1982, and July 23, 1982. The check was honored by the drawee bank on September 9, 1982.

Although there has been no evidence offered as to the Debtor-In-Possession's assets and liabilities in the Motion For Summary Judgment against Lyons Electric, there has been such evidence offered in similar motions against other Defendants in this case. That evidence has been submitted by way of an affidavit of the Debtor-In-Possession's counsel and copies of the Debtor-In-Possession's schedules. A review of that evidence finds that as of the time of the filing of the petition, the Debtor-In-Possession had approximately One Million Eight Hundred Thousand and no/100 Dollars ($1,800,000.00) in liabilities and approximately One Hundred Seventy Thousand and no/100 Dollars ($170,000.00) in assets. This evidence also reflects that Lyons Electric, a general unsecured creditor, would have received approximately ten percent (10%) of the obligation it was owed had the Debtor-In-Possession been liquidated.

In moving for Summary Judgment, Lyons Electric argues that because of the proximity between the issuance of the bill and the Debtor-In-Possession's payment, the transaction was intended as a contemporaneous exchange for value. As such

Lyons Electric argues that it falls within an exception to the provisions of 11 U.S.C. Section 547(b). In support of the Motion, Lyons Electric offers the Affidavit of its Financial Manager and several copies of certain business records which reflect the Debtor-In-Possession's account. The Manager avers to the accuracy of the documents and to the fact these transactions were in accordance with the usual practice between the parties.

The Plaintiff has opposed the Motion for Summary Judgment, asserting that although the check was made on August 20, 1982, it was not sent to Lyons Electric until approximately September 1, 1982. In addition, the Debtor-In-Possession indicates that the check was not debited against the Debtor-In-Possession's account until September 9, 1982. The Plaintiff argues that because of the time which elapsed between the billing date and the debiting of the account, it cannot be viewed as a contemporaneous exchange for value. Further, the Debtor-In-Possession argues that because of the time which elapsed between those events, the transfers do not fall within the "business expenses" exception. In support of its opposition, the Debtor-In-Possession offers the Affidavit of its Chief Operating Officer, who avers to the dates on which the check was mailed and debited.

### LAW

Prior to the enactment of the Bankruptcy Amendments and Federal Judgeship Act of 1984, P.L. 98–353, the provisions of 11 U.S.C. Section 547 stated in pertinent part:

"(b) ... the trustee may avoid any transfer of property of the debtor—

(1) to or for the benefit of the creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition;

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title."

"(c) The trustee may not avoid under this section a transfer—

(1) to the extent that such transfer was—

(A) intended by the debtor and the creditor to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the debtor; and

(B) in fact a substantially contemporaneous exchange;

(2) to the extent that such transfer was—

(A) in payment of a debt incurred in the ordinary course of business or financial affairs of the debtor and the transferee;

(B) made not later than 45 days after such debt was incurred;

(C) made in the ordinary course of business or financial affairs of the debtor and the transferee; and

(D) made according to ordinary business terms."

The pre-amendment version of that section is applicable to this adversary proceeding, inasmuch as the Chapter 11 case was filed prior to the effective date of the the amendments. *See,* P.L. 98–353 Section 553(a).

■ Under these provisions, a trustee or a debtor-in-possession, *see,* 11 U.S.C. Section 1107, may avoid the transfer of an interest of the debtor in property which was made to a creditor on account of an antecedent debt within ninety (90) days prior to the petition if the debtor was insolvent at the time of the transfer and if the transfer enables the creditor to receive more than they would have received in a Chapter 7 proceeding had the transfer not been made. *Allison v. First Nat. Bank & Trust Co. (In re Damon),* 34 B.R. 626 (Bkcy.D.Kan.1983).

A trustee can not avoid a transfer which was intended by the debtor, and which was, in fact, a contemporaneous exchange for new value. *Ray v. Security Mutual Finance Corp. (In re Arnett)*, 731 F.2d 358 (6th Cir.1984). The most determinative factor in assessing whether or not a transfer was a contemporaneous exchange is the intent of the parties to create such an exchange. *McClendon v. Cal-Wood Door (In re Wadsworth Bldg. Components, Inc.)*, 711 F.2d 122 (9th Cir.1983). A trustee may also not avoid any transfer to the extent it was payment of an ordinary business expense which was incurred within forty-five (45) days prior to the time the transfer was made. *Quinn v. TTI Distribution Corp. (In re Moran Air Cargo, Inc.)*, 30 B.R. 406 (Bkcy.R.I.1983). In that regard, it is generally held that when a transfer to a creditor is accomplished by check, the transfer does not occur until the check is honored by the drawee bank. *See, Harris v. Harbin Lumber Co. of Royson, Inc. (Matter of Ellison)*, 31 B.R. 545 (Bkcy. M.D.Ga.1983).

A party is entitled to a summary adjudication if they can demonstrate that there are no genuine issues as to any material fact and that they are entitled to judgment as a matter of law. *See,* Bankruptcy Rule 7056, Federal Rules of Civil Procedure 56. However, a plaintiff must be able to demonstrate all elements of a cause of action in order to prevail. *See, Chalmers v. Benson (In re Benson)*, 33 B.R. 572 (Bkcy.N.D.Ohio 1983), *Simmons v. Landon (In re Landon)*, 37 B.R. 568 (Bkcy.N.D.Ohio 1984).

In the present case, it is established that a transfer was made to Lyons Electric and that the transfer was made because of charges which accrued on or before July 23, 1982. Such a transaction constitutes a transfer of property to a creditor on account of an antecedent debt. It is also established that the transfer occurred within ninety (90) days prior to the filing of the Debtor-In-Possession's petition. Since the Debtor-In-Possession is presumed to have been insolvent during that ninety (90) days period, *see,* 11 U.S.C. Section 547(f), and since Lyons Electric received considerably more as a result of the transfer than it would have receive under a Chapter 7 liquidation, it must be concluded that all of the elements of an action to recover a preferential transfer have been shown. It must also be concluded that in the absence of a viable defense, there are no questions of material fact, and that the Debtor-In-Possession is entitled to judgment as a matter of law.

Lyons Electric has defended this action with the assertion that the transfer is subject to the "business expense" exception, or, in the alternative, that it was a contemporaneous exchange for new value. In that regard it has offered an affidavit which states that the transactions were according to the customary terms between the parties. While this evidence addresses part of the defense, it must also be shown that the transfers occurred within forty-five (45) days from the time the obligations arose. A review of the facts finds that more than forty-five (45) days elapsed between the time the last new value was given and the time the check was honored by the bank. Therefore, it must be concluded that this element of the defense cannot be satisfied, and that Lyons Electric is not entitled to prevail on this defense.

Similarly, Lyons Electric has asserted that the transfer was a contemporaneous exchange for new value, and that as such it is excepted from recovery. However, as previously indicated, the primary focus of this defense is on the intent of the parties. A review of the evidence finds that there has been no reference as to the parties intent. Furthermore, the Court cannot regard a transaction in which approximately one and one-half (1½) months pass between creation of the debt and payment therefore as contemporaneous. Accordingly, it must be concluded that Lyons Electric's assertion of this defense is also without merit. Since Lyons Electric has not prevailed on its defense, and since the Court has already found that the Debtor-In-Possession is entitled to judgment, judgment will be so entered.

It should be noted that summary judgment may be entered against the moving party if the requisites under Federal Rule of Civil Procedure 56 can be met. *See, Pitts v. Knowles*, 339 F.Supp. 1183 (W.D. Wis.1972). As previously indicated, the court has found there to be no questions as to any material fact, and that the absence of question as to any such fact entitles the Plaintiff to judgment as a matter of law.

In reaching these conclusions the Court has considered all the evidence and arguments of counsel, regardless of whether or not they have been referred to in this Opinion.

It is ORDERED that the Motion For Summary Judgment filed by the Lyons Electrical Supply Co. be, and is hereby, GRANTED.

FURTHER ORDERED that Judgment be, and is hereby, GRANTED to the Plaintiff against the Defendant, Lyons Electric, in the amount of Nine Hundred Ninety and 52/100 Dollars ($990.52).