**In re HARTWIG POULTRY, INC., Debtor.**

**HARTWIG POULTRY, INC., Plaintiff,**

**v.**

**AMERICAN EAGLE POULTRY, et al., Defendant(s).**

**Bankruptcy No. 84–0212.**

United States Bankruptcy Court, N.D. Ohio, W.D.

Dec. 10, 1985.

John J. Hunter, Toledo, Ohio, for plaintiff.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon the Motion For Summary Judgment filed by the Plaintiff against the Defendant, Treaty Company (hereinafter Treaty). Although the Plaintiff has submitted evidence and arguments regarding the merits of the Motion, Treaty has not done so. The Court has reviewed those arguments as well as the entire record in this case. Based upon that review and for the following reasons the Court finds that the Motion For Summary Judgment should be GRANTED.

## FACTS

The facts in this case do not appear to be in dispute. On or about July 21, 1982, Treaty issued an invoice to the Debtor-In-Possession on which payment for certain items purchased by the Debtor-In-Possession was requested. Although the exact nature of the items is unclear, it appears to have been a variety of small hardware products which was sold from Treaty's inventory. The amount of the invoice was Three Hundred Eighteen and 61/100 Dollars ($318.61). The date on which the sale actually occurred has not been presented to the Court.

On August 20, 1982, the Debtor-In-Possession issued a check to Treaty in the amount of the above referenced invoice. The check was negotiated by the drawee bank on September 5, 1982. On October 19, 1982, the Debtor-In-Possession filed its voluntary Chapter 11 Petition with this Court. In an effort to collect assets for the estate, the Plaintiff filed this adversary Complaint. In this action the Debtor-In-Possession asserts that the transfer to Treaty was a preferential transfer under the provisions of 11 U.S.C. Section 547. In support of its Motion For Summary Judgment against Treaty, the Debtor-In-Possession has offered a copy of the invoice, a copy of the check, and the affidavit of counsel for the Debtor-In-Possession. That affidavit avers to the fact that as of the date of filing the Debtor-In-Possession had approximately One Hundred Seventy Thousand and no/100 Dollars ($170,000.00) in assets and approximately One Million Eight Hundred Thousand and no/100 Dollars ($1,800,000.00) in liabilities.

## LAW

Prior to the enactment of the Bankruptcy Amendments and Federal Judgeship Act of 1984, P.L. 98–353, the provisions of 11 U.S.C. Section 547 stated in pertinent part:

(b) ... the trustee may avoid any transfer of property of the debtor—

(1) to or for the benefit of the creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition;

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

The pre-amendment version of that section is applicable to this adversary proceeding, inasmuch as the Chapter 11 case was filed prior to the effective date of the amendments. *See*, P.L. 98–353 Section 553(a).

■ Under these provisions, a trustee or a debtor-in-possession, *see*, 11 U.S.C. Section 1107, may avoid the transfer of an interest of the debtor in property which was made to a creditor on account of an antecedent debt within ninety (90) days prior to the petition if the debtor was insolvent at the time of the transfer and if the transfer enables the creditor to receive more than they would have received in a Chapter 7 proceeding had the transfer not been made. *Allison v. First Nat. Bank & Trust Co. (In re Damon)*, 34 B.R. 626 (Bkcy.D.Kan.1983). In that regard, it is generally held that when a transfer to a creditor is accomplished by check, the transfer does not occur until the check is honored by the drawee bank. *See, Harris v. Harbin Lumber Co. of Royson, Inc. (Matter of Ellison)*, 31 B.R. 545 (Bkcy.M.D. Ga.1983).

A party is entitled to a summary adjudication if they can demonstrate that there are no genuine issues as to any material fact and that they are entitled to judgment as a matter of law. *See*, Bankruptcy Rule 7056, Federal Rules of Civil Procedure 56. However, a plaintiff must be able to demonstrate all elements of a cause of action in order to prevail. *See Chalmers v. Benson*

**332**

*(In re Benson),* 33 B.R. 572 (Bkcy.N.D. Ohio 1983), *Simmons v. Landon (In re Landon),* 37 B.R. 568 (Bkcy.N.D.Ohio 1984).

■ In the present case, it is readily apparent that the Debtor-In-Possession transferred money to Treaty within ninety (90) days prior to the filing of the petition. It is also apparent that the payment was made on an antecedent debt, inasmuch as the check was made in the exact amount of the July 21, 1982, invoice and was paid approximately one and one-half (1½) months after the debt was incurred. The pre-existence of the debt renders Treaty a creditor of the Debtor-In-Possession at the time the transfer was made. Furthermore, a review of the schedules and the affidavit finds that Treaty, a general unsecured creditor, received more than would have been received under a liquidation. At the present time it appears as though general unsecured creditors would receive less than a ten percent (10%) distribution under liquidation proceedings. The transfer paid to Treaty One Hundred percent (100%) of what was owed by the Debtor-In-Possession on the July 21, 1982, invoice.

In view of the presumption of insolvency imposed by 11 U.S.C. Section 547(f), it must be concluded that all the elements of 11 U.S.C. Section 547(b) have been satisfied and that there remain no questions of material fact as to the existence of a preferential transfer. It also must be concluded that since no defense has been asserted, the Debtor-In-Possession is entitled to judgment as a matter of law.

In reaching these conclusions the Court has considered all the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

It is ORDERED that the Motion For Summary Judgment be, and is hereby, GRANTED.

It is FURTHER ORDERED that Judgment be, and is hereby, GRANTED for the Debtor-In-Possession against the Treaty Co. in the amount of Three Hundred Sixteen and 81/100 Dollars ($316.81).