In the Matter of Peter L. DUFFY, Debtor.

Bankruptcy No. 79 B 20022.
80 Adv. 2001.

United States Bankruptcy Court,
S. D. New York.

March 21, 1980.

Sidney Turner, Mount Kisco, N. Y., for Trustee.

Herbert Epstein, Franklin Square, N. Y., for Avis.

DECISION ON COMPLAINT OF THE TRUSTEE TO RECOVER THE SUM OF $400 FROM AVIS RENT A CAR SYSTEM, INC.

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The trustee in bankruptcy has invoked the voidable preference provisions under the Bankruptcy Reform Act of 1978, 11 U.S.C. § 547(b) to set aside and recover from Avis Rent A Car System, Inc. ("Avis") a $400 payment made by the bankrupt, as a lessee of an Avis vehicle, pursuant to a postdated check delivered by the debtor more than 90 days before the filing of the petition for relief, but which was cashed within the 90-day period.

In its answer to the trustee's complaint in this adversary proceeding Avis denies the preferential payment and affirmatively alleges that the payment was made more than 90 days before the filing of the petition. Avis also contends that the payment was made by the debtor for new value and was a substantially contemporaneous exchange within the meaning of this exception under Code § 547(c)(1).

For venue purposes under 28 U.S.C. § 1473, this is a proceeding arising in or related to a case under title 11 U.S.C. to recover a money judgment of or property worth less than $1,000, namely $400, and may be commenced only in the Bankruptcy Court for the district in which the defendant resides. There having been no objec-

tions, venue in this district is deemed to be appropriate. Accordingly, this court has jurisdiction of the subject matter and the parties in this case.

The undisputed facts established at the trial are as follows:

## FINDINGS OF FACT

1. The debtor filed his voluntary petition for relief under Chapter 7 of the Bankruptcy Reform Act of 1978 on November 2, 1979. The commencement of this case for relief constituted an order for relief under Chapter 7, as prescribed under 11 U.S.C. § 301.

2. Prior to such petition the debtor had been a lessee of an automobile from Avis on a long term basis at a monthly rental charge of $209.27 per month, including tax, pursuant to a written lease dated January 24, 1979. There is no proof that the debtor ever made any payments under this lease other than the $400 payment in question.

3. Apparently some time in July, 1979, the debtor had a conversation with one Howard Krebs, an Avis representative, with regard to the debtor's arrears in rental payments, which resulted in the debtor's forwarding to Avis a $400 check postdated to August 3, 1979, enclosed in a letter dated July 30, 1979 (Exhibit "A").

4. This letter reads as follows:
"Dear Mr. Krebs:

As per our phone conversation on Monday morning (30 July 79), I have enclosed my check for $400.00.

Please note that this check is post dated 3 Aug. 1979 as agreed to in our conversation.

I will call you on 15th of August 1979 to let you know the status of another 400 dollar payment within a month's time. Thank you so much for your help in this matter.

Peter L. Duffy"

5. The check cleared and was honored by the drawee bank on August 6, 1979, which was 88 days before the debtor filed his petition for relief (Exhibit "1").

6. There is no evidence that Avis ever declared that the debtor was in default under its rental agreement with the debtor or that it ever requested the debtor to surrender possession of the leased vehicle.

7. The $400 payment by the debtor to Avis was on account of an antecedent debt owed by the debtor before such payment was made.

8. Avis presented no evidence to rebut the presumption of the debtor's insolvency for the 90 days preceding the filing of the petition for relief, as prescribed under 11 U.S.C. § 547(b)(4).

9. The $400 payment to Avis enabled Avis to receive more than it would receive if the payment had not been made and Avis received payment of its debt by way of distribution in this case, as specified in 11 U.S.C. § 547(b)(5).

## DISCUSSION

From the foregoing facts, this court must first determine whether or not the $400 payment by the debtor to Avis accrued within the proscribed 90-day period so as to trigger the voidable preference provisions under 11 U.S.C. § 547(b). If the 90-day requirement has been met, reference must then be made to the exception to the trustee's avoiding power referred to by Avis in its answer, namely, a substantially contemporaneous exchange for a new value given to the debtor, as delineated under 11 U.S.C. § 547(c)(1).

## WHEN THE TRANSFER OCCURS

That a payment of a debt by check is a transfer of property is manifestly expressed in the broad definition of "transfer" under the Bankruptcy Code, 11 U.S.C. § 101(40). It is clear that payment of the debt did not occur when the debtor delivered the postdated check to Avis. A check itself does not vest in the payee any title to or interest in the funds held by the drawee bank. See U.C.C. § 3–409. The check is simply an order to the drawee bank to pay the sum stated and does not constitute a transfer and delivery of the fund until it is paid. The date of payment, and not the date of delivery is crucial in determining when the preferential transfer occurred. *Klein v. Tabatchnick*, 610 F.2d 1043 [2d Cir. 1979]; *In re Lyon*, 121 F. 723 [2d Cir. 1903]. The Second Circuit Court of Appeals, in *In re Lyon*, stated at page 726:

> ". . . the mere giving of the postdated checks was not payment, certainly not such as would constitute a transfer of property, within the language of section 60a, 30 Stat. 562."

Avis argues that once the check is paid, payment should revert to the date the check was delivered, citing *Flint v. United States*, 237 F.Supp. 551 [D.C.Idaho 1964] and *Clark v. Commissioner of Internal Revenue*, 253 F.2d 745 [3rd Cir. 1958]. These tax cases are inapposite since they address the issue of when a cash basis taxpayer is entitled to deduct a business expense. For income tax purposes, the delivery of a check is treated in the same manner as a cash payment. The concept of the timing of a transfer of property within the framework of the preference provisions requires a different focus.

## "CONTEMPORANEOUS EXCHANGE" EXCEPTION

Having found that the $400 payment was the only rental payment shown to have been made with respect to the debtor's obligation to Avis, and that it amounted to a preferential payment of an antecedent indebtedness, there next remains for consideration the affirmative defense that the transfer was a contemporaneous exchange for new value within the meaning of Code § 547(c)(1), which provides as follows:

> "(c) The trustee may not avoid under this section a transfer—
>
> (1) to the extent that such transfer was—(A) intended by the debtor and the creditor to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the debtor; and
>
> (B) in fact a substantially contemporaneous exchange;"

Avis argues that it gave new value to the debtor when it accepted the $400 payment because of its forbearance from repossessing the leased vehicle.

The term "new value" is defined in Code § 547(a)(2) as follows:

"(2) 'new value' means money or money's worth in goods, services, or new credit, or release by a transferee of property previously transferred to such transferee in a transaction that is neither void nor voidable by the debtor or the trustee under any applicable law, *but does not include an obligation substituted for an existing obligation*;" (Emphasis added)

The basic concept underlying bankruptcy legislation, and of particular significance in dealing with preferences is the fundamental goal of equality of distribution. See House Report No. 595, 95th Cong., 1st Sess. 177, 178 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787. A creditor who gives new value in exchange for the receipt of a payment from the debtor has not depleted the debtor's estate to the detriment of other creditors. In the instant case, a forebearance by Avis from repossessing the rented vehicle does not enhance the value of the debtor's estate. The debtor's continued right to drive the rented vehicle is not an asset of benefit to his creditors that could reasonably offset the diminution of his estate upon the payment of the $400.

Indeed, the net effect was that upon the debtor's payment of $400 for an antecedent obligation, Avis extended credit by forebearance from its right to reclaim possession immediately and substituted instead its right to reclaim possession for nonpayment of the debt at some future undetermined date. An obligation substituted for an existing obligation is expressly excluded from the definition of "new value". See 11 U.S.C. § 547(a)(2). While Avis' forebearance from reclaiming possession of the rented vehicle might constitute consideration to support a contract, it is nevertheless not "new value" within the meaning of Code § 547(c)(1) as defined in Code § 547(a)(2). Such forebearance was of no economic solace to the creditors of this estate.

## CONCLUSIONS OF LAW

1. The $400 payment made by the debtor to Avis pursuant to the check post-dated to August 3, 1979 constituted a voidable preference within the meaning of 11 U.S.C. § 547(b).

2. Avis has not established that the preferential transfer in question was a contemporaneous exchange for new value to the debtor so as to amount to an exception within the meaning of 11 U.S.C. § 547(c)(1).

3. The trustee in bankruptcy is entitled to an order directing Avis to return the $400 payment made to it by the debtor as a voidable preference.

SETTLE ORDER ON NOTICE.