**In re SKINNER LUMBER CO., INC., Debtor.**

**Kevin CAMPBELL, Trustee, Plaintiff,**

**v.**

**KIMBERLY CLARK CORP., Defendant.**

**Bankruptcy No. BK 81–01528.**
**Complaint No. 82–0262.**

United States Bankruptcy Court,
D. South Carolina.

Sept. 2, 1982.

H. Flynn Griffin, III, Walterboro, S.C., for plaintiff.

Fred Thompson, III, Charleston, S.C., for defendant.

## MEMORANDUM AND ORDER

J. BRATTON DAVIS, Bankruptcy Judge.

In this adversary proceeding the trustee seeks to set aside, under 11 U.S.C. § 547(b),[1] an alleged preferential transfer made by Skinner Lumber Company (Skinner) to Kimberly Clark Corp. (Kimberly Clark).

The parties, by and through their respective attorneys, stipulated the relevant facts of the case.

## FACTS

On July 17, 1981, ninety-one days before Skinner filed its petition for relief under Chapter 7 of the Bankruptcy Code (11 U.S.C. § 701 *et seq*.), Skinner issued and mailed a check in the amount of Eight Thousand Five Hundred Twenty-nine and 08/100 ($8,529.08) Dollars to Kimberly Clark. Thereafter, but within ninety days before Skinner filed its petition for relief, Kimberly Clark received the check and de-

posited it in its bank account. The check was subsequently paid by the bank.

## ISSUE

The issue is whether there has been a transfer within ninety days of Skinner's filing its petition for relief. In order to resolve the issue it must be determined when the "transfer" occurs in a transaction involving a standard check written on the debtor's general checking account.

## DISCUSSION AND CONCLUSION

The parties have stipulated that if the transfer occurred within the ninety day period, the transfer is voidable by the trustee under § 547(b).

A transfer in a transaction involving a check written on the debtor's account is made when the check is paid by the debtor's bank. *In re Duffy,* 6 B.C.D. 88, 3 B.R. 263, 1 C.B.C.2d 641, (Bkrtcy.S.D.N.Y., 1980).

In *Duffy* the debtor mailed a check dated August 3, 1979 to one of his creditors. The check was paid by the drawee bank on August 6, 1979. Ninety-one days after the check was dated and eighty-eight days after the check was paid, the debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. The trustee in bankruptcy brought suit to have the payment avoided. The Court avoided the transfer as preferential holding that,

A payment of a debt by check is a transfer of property is manifestly expressed in the broad definition of 'transfer' under the Bankruptcy Code, 11 U.S.C. § 101(40). It is clear that payment of the

(i) was an insider; and

(ii) had reasonable cause to believe the debtor was insolvent at the time of such transfer; and

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under Chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

---

1. 11 U.S.C. § 547(b): Except as provided in subsection (c) of this section, the trustee may avoid any transfer of property of the debtor—

   (1) to or for the benefit of a creditor;

   (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

   (3) made while the debtor was insolvent;

   (4) made—

   (A) on or within 90 days before the date of the filing of the petition; or

   (B) between 90 days and one year before the date of the filing of the petition, if such creditor, at the time of such transfer—

debt did not occur when the debtor delivered the post-dated check to Avis. A check itself does not vest in the payee any title to or interest in the funds held by the drawee bank. See UCC § 3–409. The check is simply an order to the drawee bank to pay the sum stated and does not constitute a transfer and delivery of the fund until it is paid. The date of payment, and not the date of delivery, is crucial in determing when the preferential transfer occurred. *Klein v. Tabatchnick,* 610 F.2d 1043 (2d Cir.1979); *In re Lyon,* 121 Fed. 723 (2d Cir.1903).

*In re Duffy,* 6 B.C.D. at 89, 3 B.R. at 265, 1 C.B.C.2d at 643.

In the bankruptcy case of *Carmack v. Zell (In re Mindy's, Inc.),* 17 B.R. 177, 5 C.B.C.2d 1451, (Bkrtcy.S.D.Ohio 1982) in which the trustee sought to avoid certain lease payments under 11 U.S.C. § 547,

> There was some disagreement as to whether or not the dates on the various checks should be deemed the date of transfer of the funds, or whether or not the date upon which such checks were paid by the debtor's bank would be deemed the time of transfer. The Court hereby finds that under the provisions of section 547(e)(1)(b) of the Bankruptcy Code, the time of transfer is deemed to be the time of payment of the check, and thus, for purposes of this case, the date the check was paid would be deemed to be the date upon which a transfer of the debtor's property was made.

17 B.R. at 178–179, 5 C.B.C.2d at 1453.

*McClendon v. Cal-Wood Door (In re Wadsworth Building Components, Inc.),* 10 B.R. 662 (Bkrtcy.D.Idaho 1981) also deals with a check which is dated prior to the ninety day period and paid by the bank within the ninety day period. There the debtor issued a check dated November 28, 1979 to a creditor. The check was dishonored because the debtor lacked sufficient funds in its account. Subsequently, the check was paid by the drawee bank on February 14, 1980. The debtor filed for relief under the Bankruptcy Code on April 4, 1980. The court held that the transfer was made on February 14, 1980—within the ninety day period—and was, therefore, subject to avoidance by the trustee under § 547(b).

In *Klein v. Tabatchnick* 610 F.2d 1043 (2d Cir.1979), a bankruptcy case, the Second Circuit Court of Appeals held that a transfer of funds is not made until the check is paid by the drawee bank. In *Klein* the trustee attempted to avoid a preferential transfer under section 60 of the Bankruptcy Act. The debtor, J.N.T., had borrowed One Hundred Thousand and 00/100 ($100,000.00) Dollars from Emmer. After the debtor received the check, he apparently changed his mind about the transaction, tore the signature off the check and returned it to Emmer. The trustee sought to avoid the returning of the check as a preferential transfer. The court, holding that the return of the check was not on account of an antecedent debt, said:

> We agree with the District Judge that J.N.T. owed no antecedent debt to Emmer which he, as a creditor, could have proved in J.N.T.'s bankruptcy proceedings. The check itself was merely a request to the drawee bank to pay J.N.T. One Hundred Thousand and 00/100 ($100,000.00) Dollars; it did not operate as an assignment of these funds to J.N.T. *Garden Check Cashing Service, Inc. v. First National City Bank,* 25 A.D.2d 137, 141–42, 267 N.Y.S.2d 698, aff'd, 18 N.Y.2d 941, 277 N.Y.S.2d 141, 223 N.E.2d 566 (1966). Prior to the cashing of the check, there was simply no obligation owing to Emmer for which he could have had a recovery.

*Id.* at 1049.

The cases mentioned above, and others (see *Itule v. Luhr Jensen & Sons, Inc. (In re Sportsco, Inc.),* 7 B.C.D. 1025, 12 B.R. 34 (Bkrtcy.D.Ariz.1981)) rely on § 3–409 of the Uniform Commercial Code, which has been enacted in S.C.Code § 36–3–409 (1976), to support their position. Section 3–409 provides simply that, "(1) A check or other draft does not of itself operate as an assignment of any funds in the hands of the drawee available for its payment, . . .". In

other words, the writing of a check does not amount to a transfer of funds, but is merely an order to the drawee bank to pay the sum stated. The transfer occurs at the time the check is paid by the drawee bank.[2]

The parties here stipulated that if the Court holds that the transfer was made within the ninety day period, the trustee would be entitled to a judgment setting aside the transfer. It is the decision of this Court that the transfer occurred within the proscribed ninety day period and that the trustee is entitled to a judgment in the amount of Eight Thousand Five Hundred Twenty-Nine and 08/100 ($8,529.08) Dollars.

### ORDER

THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that the transfer of the funds to Kimberly Clark be voided, and the Plaintiff, Kevin Campbell, trustee, have a judgment against the Defendant, Kimberly Clark Corp., in the amount of Eight Thousand Five Hundred Twenty-nine and 08/100 ($8,529.08) Dollars.

AND IT IS SO ORDERED.

---

2. There is some authority that the transfer is made at some time prior to the check's being paid by the drawee bank. In the case of *Thomas W. Garland, Inc. v. Union Electric Co.,* 19 B.R. 920 (Bkrtcy.E.D.Mo.1982) the Court held that a transfer was made when the check was received by the debtor. However, the *Garland* decision is based on an interpretation of section 547(c)(2) of the Bankruptcy Code. The current dispute involves the interpretation of section 547(b)(e) of the Bankruptcy Code. Even if the *Garland* decision were applicable, it would be a minority view which this Court is not inclined to follow.