## In re INSULATION MATERIALS, INC., Debtor.

### Thomas H. DICKENSON, Trustee, Plaintiff,

v.

### OWENS–CORNING FIBERGLAS CORPORATION, Defendant.

**Bankruptcy No. 3–83–01746. Adv. No. 3–84–0205.**

United States Bankruptcy Court, E.D. Tennessee.

March 28, 1985.

Thomas H. Dickenson, Knoxville, Tenn., Trustee, pro se.

R.L. Frederick, Toledo, Ohio, for defendant.

## MEMORANDUM

CLIVE W. BARE, Bankruptcy Judge.

In this adversary proceeding the trustee seeks to recover from the defendant the sum of $5,000.00 as an avoidable preference. 11 U.S.C.A. § 547(b) (1979).

The parties have stipulated the following facts:

1. Insulation Materials, Inc. filed a voluntary petition under chapter 11 of the Bankruptcy Code on November 7, 1983.[1] At that time, and prior thereto, Owens-Corning Fiberglas Corp. was a creditor of Insulation Materials, Inc. The debtor/creditor relationship between the parties was established by numerous shipments of materials on account from Owens-Corning to Insulation Materials.

1. The case was converted to a case under chapter 7 on August 17, 1984.

2. 11 U.S.C.A. § 547(b) (1979) provides:

(b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of property of the debtor—
  (1) to or for the benefit of a creditor;
  (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
  (3) made while the debtor was insolvent;
  (4) made—
  (A) on or within 90 days before the date of the filing of the petition; or

The last such shipment occurred on December 28, 1982.

2. As partial payment of its account with Owens-Corning, Insulation Materials issued its check number 2579 on August 4, 1983. The check was received and deposited by Owens-Corning prior to August 9, 1983. However, the check was not paid by the payor's bank until August 10, 1983.

The parties have stipulated the existence of those elements of a preferential transfer set forth in § 547(b)(1), (2), (3) and (5).[2]

The sole issue is whether under § 547(b)(4) the transfer occurred within 90 days preceding the filing of the petition—i.e. whether the transfer occurred upon receipt of the check by the defendant creditor or upon payment of the check by the debtor's bank. The defendant received the check prior to the commencement of the 90-day period. The bank honored the check within the 90-day period.

The majority of courts considering this question have held that the date of honor of a check controls for purposes of determining the time of the transfer under § 547(b)(4). *In re Fasano/Harriss Pie Co.*, 43 B.R. 871, Bankr.L.Rep. (CCH) ¶ 70,108 at 86,055 n. 1 (Bankr.W.D.Mich. 1984); *Tidwell v. Atlanta Gas Light Co. (In re Georgia Steel)*, 38 B.R. 829, 832–33 (Bankr.M.D.Ga.1984); *Harris v. Harbin Lumber Co. (In re Ellison)*, 31 B.R. 545, 547 (Bankr.M.D.Ga.1983); *In re Duffy*, 3 B.R. 263 (Bankr.S.D.N.Y.1980). *See also Nicholson v. First Investment Co.*, 705

(B) between 90 days and one year before the date of the filing of the petition, if such creditor, at the time of such transfer—
  (i) was an insider; and
  (ii) had reasonable cause to believe the debtor was insolvent at the time of such transfer; and
  (5) that enables such creditor to receive more than such creditor would receive if—
  (A) the case were a case under chapter 7 of this title;
  (B) the transfer had not been made; and
  (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

F.2d 410 (11th Cir.1983) (decided under former Bankruptcy Act).

This court recognizes that, as a case involving pre-Code law, *Nicholson* relied upon statutory language different from that under the current Bankruptcy Code. However, this court is persuaded that the majority of the courts are correct in holding that the date of honor of the check remains the controlling date under the Bankruptcy Code.

Under the Bankruptcy Act, for purposes of determining a preferential transfer, "a transfer of property [was] ... *deemed* to have been *made* ... *when* it became *so far perfected* that no subsequent lien upon such property obtainable by legal or equitable proceedings on a simple contract could become superior to the rights of the transferee." 11 U.S.C.A. § 96(a)(2) (repealed 1978) (emphasis supplied).

However, the current Bankruptcy Code provides:

(1) For the purposes of this section [i.e. § 547]—

.    .    .    .    .

(B) a transfer of a fixture or property other than real property is perfected when a creditor on a simple contract cannot acquire a judicial lien that is superior to the interest of the transferee.

(2) For the purposes of this section ... a transfer *is made*—

(A) at the time such transfer *takes effect* between the transferor and the transferee, *if* such transfer is *perfected at, or within 10 days* after, such time;

(B) at the time such transfer is perfected, if such transfer is perfected after such 10 days; or

(C) immediately before the date of the filing of the petition, if such transfer is not perfected at the later of—

(i) the commencement of the case; and

(ii) 10 days after such transfer takes effect between the transferor and the transferee.

11 U.S.C.A. § 547(e) (1979) (emphasis supplied).

Some courts following the majority approach noted above have not explicitly considered the change in the statutory language apparently wrought by § 547(e)(2). *E.g., Tidwell v. Atlanta Gas Light Co. (In re Georgia Steel)*, 38 B.R. 829 (Bankr.M.D. Ga.1984); *Bob Grissett Golf Shoppes v. Pro Group*, 34 B.R. 320 (Bankr.E.D.Va. 1983); *Artesani v. Travco Plastics Co. (In re Super Market Distributors Corp.)*, 25 B.R. 63 (Bankr.D.Mass.1982).

One court considering the statutory change has concluded under § 547(e)(2) that for purposes of fixing the time of a § 547(b) transfer a check is transferred on the date of delivery if honored within 10 days thereafter. *Eisenberg v. J L International, Ltd. (In re Sider Ventures & Services Corp.)*, 33 B.R. 708 (Bankr.S.D.N.Y. 1983). The court concluded that under § 547(e)(2)(A) the transfer "took effect on the date the check was delivered," 33 B.R. at 711, and that perfection of the transfer by successful presentment of the check within 10 days thereafter related back to the date of delivery. *Id. But see In re Fasano/Harriss Pie Co.*, 43 B.R. 871, Bankr.L.Rep. (CCH) ¶ 70,108 at 86,056–57 (in § 547(c) determination court indicated Congress intended § 547(e)(2) to be limited in application to determining time of transfer in context of security interests rather than in context of negotiation of checks).

This court need not decide here the question of whether § 547(e)(2) was intended to apply only in the context of determining the time of transfer of security interests. Even assuming that § 547(e)(2) applies in the context of determining the time of transfer of a payment by check, the court is persuaded that the *transfer* by check "takes effect between the transferor and the transferee," 11 U.S.C.A. § 547(e)(2)(A) (1979), not upon mere delivery of the check but only upon the honoring of the check.

Under Tennessee law a check "does not of itself operate as an assignment of any funds in the hands of the drawee available for its payment, and the drawee is not

liable on the instrument until he accepts it." Tenn.Code Ann. § 47–3–409(1) (1979). As the court in *In re Duffy* stated:

> A check itself does not vest in the payee any title to or interest in the funds held by the drawee bank. See U.C.C. § 3–409. The check is simply an order to the drawee bank to pay the sum stated and does not constitute a transfer and delivery of the fund until it is paid.

3 B.R. at 265.

Thus, even assuming § 547(e)(2) is relevant in determining the time of a transfer by check under § 547(b), the time of that transfer would be the date the check was honored since the transfer would not take effect between transferor and transferee until the check was honored. *See also* Countryman, *The Concept of a Voidable Preference in Bankruptcy*, 38 Vand.L. Rev. —— (1985).

In the instant case the transfer occurred on August 10, 1983, the date the check was honored by the paying bank. The debtor's petition having been filed on November 7, 1983, the transfer occurred within the 90-day proscribed period. *See Deutscher v. O'Neal Steel Corp. (In re Enterprise Fabricators)*, 36 B.R. 220 (Bankr.M.D.Tenn. 1983). Other elements of a preference having been stipulated, the trustee may avoid the transfer.

This Memorandum constitutes findings of fact and conclusions of law, Bankruptcy Rule 7052.