In re AIR CONDITIONING, INC. OF STUART, Debtor(s).

AMERICAN BANK OF MARTIN COUNTY, Plaintiff,

v.

LEASING SERVICE CORPORATION, Defendant.

Bankruptcy No. 84–01395–BKC–TCB. Adv. No. 85–0965–BKC–TCB–A.

United States Bankruptcy Court, S.D. Florida.

Nov. 12, 1985.

Harvin & Geary and Samuel S. Sorota, N. Miami Beach, Fla., for plaintiff.

Foster & Kelly, Orlando, Fla., for defendant.

Leslie Gern Cloyd, Ackerman, Bakst, Gundlach, Lauer & Zwickel, P.A., W. Palm Beach, Fla., for trustee.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Bankruptcy Judge.

The plaintiff bank has sued a creditor of the debtor asking this court to determine whether it owes $20,000 to the defendant/creditor or to the debtor's chapter 7 trustee. The creditor moved for abstention or dismissal. (C.P. No. 3). The trustee moved to intervene and tendered a complaint seeking recovery of the $20,000 upon the ground that it constituted a voidable preference under 11 U.S.C. § 547(b). (C.P. No. 6). The trustee has since abandoned a second count contained in the complaint. The matter was heard on September 17 and October 24.

At the first hearing this court agreed with the defendant/creditor that only the trustee has standing to maintain a preference action; however, since the trustee has intervened and asserted the preference claim, the creditor's motion to abstain or dismiss was denied.

Though not framed as such, the complaint is in effect an interpleader action under 28 U.S.C. §§ 1335, 1397, and 2361. B.R. 7022 incorporates Rule 22(1), *Fed.R. Civ.P. See Wright & Miller, Federal Practice and Procedure:* Civil, § 1701 ff. The $20,000 which is in dispute is held by the plaintiff bank in the form of a certificate of deposit drawing interest. Under these circumstances, plaintiff is excused from depositing the sum into this court's registry.

At the second hearing, the parties agreed that the essential facts appear from undisputed documents or are otherwise admitted and the parties stated their respective contentions. Further pleadings are, therefore, unnecessary. The parties have since submitted their arguments by memoranda.

The trustee claims that the following actions constituted a $20,000 preferential transfer of the debtor's property to or for the benefit of the creditor under 11 U.S.C. § 547(b).

On May 10, 1984 the creditor, Leasing Services, got a judgment against the debtor for $40,447 on account of an antecedent debt admittedly owing and past due. On April 24 and May 9 the creditor had obtained two writs of replevin on account of the same claim. The first was for the computer equipment leased to the debtor. The writ was executed before bankruptcy.

By stipulations dated June 11 and June 19 the parties agreed that the unexecuted second writ of replevin be replaced by a

$20,000 letter of credit issued June 15, 1984 by the plaintiff bank.

The consideration for issuance of the letter of credit was the debtor's note dated June 15 in the amount of $20,000 which was secured by the assignment and delivery on June 21 to the bank of a $20,000 certificate of deposit owned by the debtor.

The debtor's bankruptcy petition was filed a month later on July 25. The sum still due the creditor was $37,067 with 18% interest as of November 6, 1984, after applying the proceeds ($5,000) from the execution of the first writ of replevin.

The creditor concedes three of the five elements specified in § 547(b), contesting only the first and fifth. The first element is that there was a:

"transfer of property of the debtor (1) to or for the benefit of a creditor".

The creditor argues that it received only the letter of credit which was the bank's property, not the debtor's, and that there is no proof where the money came from to purchase the letter of credit.

■ I agree with the trustee that the letter of credit was but a part of a single contemporaneous transaction which included (a) the debtor's note to the bank (which bore the notation that its purpose was to establish the letter of credit) and (b) the assignment of the debtor's certificate of deposit. The assignment of the C.D. as security was an express condition stated on the note for the issuance of the letter of credit. By these documents both parties intended that $20,000 additional collateral for the antecedent debt be furnished to the creditor by the debtor through the bank as an intermediary. The transaction was concluded within seven days. This composite transaction was a transfer of the debtor's property for the creditor's benefit.

I also agree with the trustee that it is irrelevant where the money came from to purchase the C.D. The certificate was unquestionably property of the debtor and *it* was transferred by the debtor to the bank.

The creditor also argues that it would be against public policy to permit the nullification of a letter of credit under § 547. On the contrary, to permit a debtor and creditor to evade the preference statute by this device would defeat the purpose of § 547.

The trustee has proved the first element.

The fifth element requires proof that the transfer gave the creditor more than it would receive under a chapter 7 liquidation of this debtor's estate had the transfer not occurred.

■ This creditor had a duly perfected security interest in the debtor's: "goods, chattels, fixtures, furniture and equipment". (C.P. No. 30). This personal property was valued by the debtor at $21,711, but the inventory ($17,241) was subject to a $169,000 lien of another party and the remaining personalty ($4,470) was subject to purchase money liens of $4,250. All of the debtor's interest in its tangible personal property was sold by the trustee on February 21, 1985 for $1,000. (C.P. No. 57). The creditor is, therefore, grossly undersecured. The debtor's total debts exceeded its total assets by at least $50,000. Unsecured claims cannot be satisfied in full from this estate. I find, therefore, that the transfer at issue here gave the creditor far more than it would receive in liquidation. Of course, if I am mistaken this creditor will suffer no harm because this estate is being liquidated now under chapter 7.

■ The creditor has also argued under § 547(c)(1) that the transfer was:

"a contemporaneous exchange for new value given to the debtor".

The new value claimed is the creditor's forbearance in executing its second writ of replevin of May 9, 1984. That writ was aimed at the same personal property just discussed which has been sold by the trustee for $1,000.

Forbearance is not "new value" as defined in § 547(a)(2). An obligation substituted for an existing obligation is expressly excluded from the definition of "new value". *Bavely v. Merchants National Bank (Matter of Lario)*, 36 B.R. 582, 584 (Bankr.

S.D.Ohio 1983); *Matter of Duffy*, 3 B.R. 263, 266 (Bankr.S.D.N.Y.1980).

As required by B.R. 9021(a), a separate judgment will be entered avoiding under § 547 and, therefore, nullifying the debtor's note, the debtor's assignment of its certificate of deposit and the bank's letter of credit in favor of Leasing Services Corp. (each of which is in the amount of $20,000). The bank will be ordered to deliver the debtor's certificate of deposit to the trustee. The creditor may continue enforcement of its security interest as previously authorized by this court's order of October 4, 1984. (C.P. No. 30).

Upon its compliance with the foregoing requirements, the bank is discharged of further liability to Leasing Services and, except under the terms of the C.D., to the trustee.

Costs in the amount of $560 are assessed in favor of the plaintiff bank against the disputed fund. Therefore this amount may be setoff against the certificate of deposit. *Wright & Miller, supra* § 1719. Each party shall bear any other costs incurred by it.